

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:11CR255–HEH |
| ) | |
| CYNTHIA DAMARIZ SALAMANCA, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
**(Denying Rule 60(b) Motion)**

The matter is before the Court on Cynthia Damariz Salamanca's Motion for Relief Under Federal Rule of Civil Procedure 60(b) Motion ("Rule 60(b) Motion" (ECF No. 160)). For the reasons set forth below, the Rule 60(b) Motion will be denied.

**I. Procedural History**

On November 21, 2011, Salamanca pled guilty to one count of conspiracy to commit identification fraud, one count of conspiracy to commit honest services fraud, and five counts of aggravated identity theft. (Nov. 21, 2011 Report and Recommendation 1–3, ECF No. 77; Plea Agreement ¶ 1, ECF No. 74.) On February 22, 2012, the Court sentenced Salamanca to 171 months of imprisonment for the foregoing crimes. (J. 2, ECF No. 126.)

On September 12, 2012, the Court received a request to proceed *in forma pauperis* from Salamanca. Salamanca indicated that she wished to pursue a motion under 28 U.S.C. § 2255. (ECF No. 148.) By Memorandum Order entered on October 23, 2012, the Court informed Salamanca that no fee was associated with filing a 28 U.S.C. § 2255

motion and mailed her the standardized forms for filing a 28 U.S.C. § 2255 motion. (ECF No. 150.)

On February 26, 2013, the Court received a 28 U.S.C. § 2255 motion captioned with Salamanca's name. Salamanca, however, did not sign the § 2255 Motion. Rather, Salamanca's mother, Sandra L. Abarca, signed the § 2255 Motion. (§ 2255 Mot. 14, ECF No. 154.) Ms. Abarca represented that she attempted to have her daughter sign the § 2255 Motion, but "prison officials would not allow me to let Cynthia sign the last page so I could mail it in for her." (*Id.*)

Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings requires that motions pursuant to 28 U.S.C. § 2255 "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rules Governing § 2255 Proceedings for the U.S. District Courts, Rule 2(b)(5). The Advisory Committee Notes to Rule 2(b) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004 Amend. (citation omitted). By Memorandum Opinion and Order entered on April 29, 2013, the Court concluded that Ms. Abarca failed to qualify for "next friend" standing and dismissed the § 2255 Motion for want of jurisdiction. (*See* ECF Nos. 155–56.)

On May 31, 2013, Salamanca, by counsel Jerome M. Brown, filed the Rule 60(b) Motion, with a supporting Memorandum. (ECF Nos. 160–61.) On June 28, 2013, Salamanca, by counsel, filed a notice of appeal from the April 29, 2013 Memorandum

Opinion and Order. (ECF No. 163.) The Government has filed a response to the Rule 60(b) Motion and Salamanca has filed a reply. (ECF Nos. 166, 170.)

## II. General Standard For Relief Under Rule 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of extraordinary circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) must cross the "initial threshold" showing of "'[ (1) ] timeliness, [ (2) ] a meritorious [claim or] defense, [ (3) ] a lack of unfair prejudice to the opposing party, and [ (4) ] exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief provided in Rule 60(b). "When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted) (internal quotation marks omitted). Here, Salamanca vaguely suggests relief is warranted under Rule 60(b)(1) and (6). (Mem. Supp. Rule 60(b) 3.)

## III. Salamanca's Arguments

### A. Circumstances Surrounding the Filing of the § 2255 Motion

Towards the end of 2012, Ms. Abarca contacted Mr. Brown with respect to representing Ms. Salamanca in filing a § 2255 Motion. (Rule 60(b) Mot. ¶ 4.) "[B]ecause the family ... had difficulty obtaining sufficient funds to retain [Mr. Brown]," but was able to provide "sufficient funds for [Mr. Brown] to review this matter," counsel agreed to ghostwrite a § 2255 motion for Ms. Salamanca's signature. (*Id.* ¶ 11; *see id.* ¶ 5.) Accordingly, Mr. Brown "drafted a 2255 Petition and sent [the] same to Ms. Salamanca via U.S. Express Mail.[1] While that mail was sent on February 20, 2013, and was ready for pick-up on [Thursday,] February 21, 2013, the prison officials did not retrieve this package from the Post Office until [Monday,] February 25, 2013." (*Id.* ¶ 5.)

Mr. Brown's attempts to phone prison officials to ensure that they timely provided Ms. Salamanca with the § 2255 Motion were unsuccessful. (*Id.* ¶ 6.) Accordingly, Mr. Brown suggested that Ms. Abarca visit Ms. Salamanca at the prison and have her sign the § 2255 Motion. (*Id.*) Mr. Brown declined to personally undertake this course of action as he "was not retained to enter his appearance." (*Id.*)

Ms. Abarca visited Ms. Salamanca at the prison on Friday, February 22, 2013 and apparently discussed the urgent need for Ms. Salamanca to personally sign her § 2255 Motion. (*Id.* ¶ 7; Rule 60(b) Mot., Salamanca Decl. 1.) Prison officials, however,

---

[1] Mr. Brown believed the deadline for filing the § 2255 Motion was March 4, 2013. (Rule 60(b) Mot. ¶ 9.)

4

refused to allow Ms. Abarca to take in the signature page of the § 2255 Motion so that Ms. Salamanca could sign that page. (Rule 60(b) Mot. ¶ 8.) Concerned that Ms. Salamanca's § 2255 Motion would be untimely, Mr. Brown advised Ms. Abarca to sign the § 2255 Motion and send it to the Court. (*Id.* ¶ 9.) On February 26, 2013, the Court received the § 2255 Motion signed by Ms. Abarca. (§ 2255 Mot. 1.)

On February 26, 2013, Ms. Salamanca received the § 2255 Motion drafted by Mr. Brown. (Rule 60(b) Mot., Salamanca Decl. 1.) Ms. Salamanca called her "mother to ask what [she] was to do with this document since [she] knew it had to be filed." (*Id.*)[2] Ms. Abarca "told [Ms. Salamanca] not to worry about it because [Ms. Abarca] had sent it in for [her]." (*Id.*) Nevertheless, Ms. Salamanca then promptly signed a § 2255 Motion drafted by Mr. Brown (hereinafter "Signed § 2255 Motion") and sent it to Mr. Brown. (*Id.*)

On March 5, 2013, Mr. Brown received the Signed § 2255 Motion from Ms. Salamanca. (Rule 60(b) Mot. ¶ 15.) Nevertheless, Mr. Brown failed to file the Signed § 2255 Motion with the Court.

By Memorandum Opinion and Order entered on April 29, 2013, the Court concluded that Ms. Abarca failed to qualify for "next friend" standing and dismissed the § 2255 Motion for want of jurisdiction.

---

[2] Ms. Salamanca asserts that she "did not know exactly where to send [the § 2255 Motion] as [she has] no legal experience and English is [her] second language." (Rule 60(b) Motion, Salamanca Decl. 1.) The Court's experience with Ms. Salamanca dispels the notion that she has any significant difficulty understanding spoken or written English. Moreover, the standardized forms for filing a § 2255 motion the Court sent Salamanca on October 23, 2012 told her exactly where to file her § 2255 motion and explained that a one-year limitation period applied to § 2255 motions.

## B. Analysis of Salamanca's Request for Relief Under Rule 60(b)

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal quotation marks omitted) (citations omitted). Salamanca has not done so. Salamanca simply makes passing reference to Rule 60(b)(1) and (6) and fails to persuasively suggest why relief is warranted under those subsections.

### 1. Rule 60(b)(1)

Rule 60(b)(1) permits relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although Salamanca mentions this section in her Rule 60(b) Motion, she fails to characterize her actions in terms of mistake, inadvertence, surprise or excusable neglect, thus making it difficult to analyze any claim for entitlement to relief under Rule 60(b)(1).[3] To the extent Salamanca suggests that the Court committed an error of law, her motion is untimely. *Moeller v. D'Arrigo*, 163 F.R.D. 489, 493 (E.D. Va. 1995) (ruling that "the Court will not hear Rule 60(b)(1) motions alleging an error of law beyond the expiration of the time for appeal"); *cf. Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (emphasizing that "a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal") (citation omitted). Moreover, Salamanca fails to demonstrate that the Court committed any mistake of law within the meaning of

---

[3] Salamanca's submissions fail to suggest the judgment against her is the product of surprise.

60(b)(1). *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (explaining that relief is available for an "obvious error of law, apparent on the record," such as a decision that "obviously conflicts with a clear statutory mandate" or "involves a fundamental misconception of the law") (citations omitted).

It is possible that Ms. Salamanca contends that her mailing of the Signed § 2255 Motion to Mr. Brown rather than to the Court constitutes "'mistake, inadvertence, . . . or excusable neglect.'" Fed. R. Civ. P. 60(b)(1). Nevertheless Salamanca "'must make some showing of why [she] was justified in failing to avoid mistake or inadvertence.'" *Moore v. Bethesda Fire Dept., Inc.*, No. 90-2906, 1991 WL 126579, at *5 (4th Cir. 1991) (quoting *Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24, 29–30 (1st Cir. 1980)). Ms. Salamanca contends that she mailed the Signed § 2255 Motion to Mr. Brown because Ms. Abarca told her over the telephone "not to worry about it because [Ms. Abarca] had sent it in for [her]." (*Id.*)." (Rule 60(b) Motion, Salamanca Decl. 1.) However, four days prior to this phone conversation, Ms. Abarca had visited Ms. Salamanca at her prison and discussed the urgent need for Ms. Salamanca to personally sign her § 2255 Motion. (Rule 60(b) Mot. ¶ 7; Rule 60(b) Mot., Salamanca Decl. 1.) Given these circumstances, a reasonably diligent person would have at least contacted Mr. Brown to find out what she should do with the Signed § 2255 Motion. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) ("A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)") (citations omitted). Neither Ms. Abarca nor Ms. Salamanca

7

took such action. Instead, Ms. Salamanca simply mailed the Signed § 2255 Motion to Mr. Brown.[4]

Furthermore, upon receiving Ms. Salamanca's Signed § 2255 Motion, Mr. Brown took no prompt action. Mr. Brown fails to coherently explain why upon receiving the Signed § 2255 Motion he failed to promptly mail the same to the Court.[5] *Robinson*, 599 F.3d at 413 (observing that "'a lawyer's ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b)'" (alteration in original) (quoting *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989))). Thus, Ms. Salamanca fails to demonstrate entitlement to relief under Rule 60(b)(1).

### 2. Rule 60(b)(6)

Relief under Rule 60(b)(6) is reserved "only [for] truly extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (citation omitted) (internal quotation marks omitted). "[Rule 60(b)(6)] has been described as the 'catch-all' clause because it provides the court with a 'grand reservoir of equitable power to do justice in a particular case' and 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice' where relief might

---

[4] When Mr. Brown sent the § 2255 Motion to Ms. Salamanca, he enclosed a return envelope with his address. He refutes the suggestion that his enclosure of the return envelope encouraged Ms. Salamanca to send the Signed § 2255 Motion to him rather than the Court. (Reply 6 n.5.)

[5] Mr. Brown states that because he "believed the Petition [executed by Ms. Abarca] was properly filed, he did not forward the signed petition to the Court which would have been untimely anyway." (Mem. Supp. Rule 60(b) Mot. 5 n.2.) Mr. Brown fails to explain why he believed the § 2255 Motion signed by Ms. Abarca was properly filed. Mr. Brown's actions preceding the receipt of the Signed § 2255 Motion reflect his appreciation for the necessity of having Ms. Salamanca personally sign the § 2255 Motion. Mr. Brown further acknowledges that "[t]here was never any intention [for Ms. Abarca] to be a 'next friend.'" (*Id.* at 2–3.)

not be available under any other clause in 60(b)." *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999) (alteration in original) (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 106–07 (4th Cir. 1979)). Furthermore, "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," then Rule 60(b)(6) relief is not available. *Aikens*, 652 F.3d at 501 (citations omitted). Additionally, a litigant fails to demonstrate extraordinary circumstances wherein he "employ[s] Rule 60(b)(6) as a bypass around routinely available procedures, particularly when his failure to use those procedures was the product of his strategic litigation choices." *Id.* at 502. That is the case here.

First, to the extent that Ms. Salamanca believed that the Court wrongly denied "next friend" standing to Ms. Abarca, any recourse is available by appeal, rather than by Rule 60(b)(6). *Id.* at 501 (citations omitted).[6] Second, the dismissal of the § 2255 Motion on April 29, 2013 did not prejudice Ms. Salamanca's ability to promptly file a properly executed § 2255 Motion and argue equitable tolling if the Government raised the issue of the statute of limitations. *See Holland v. Florida*, 130 S. Ct. 2549, 2564–65 (2010).

Finally, equitable considerations counsel against setting aside the April 29, 2013 Memorandum Opinion and Order. This Court "'considers it improper for lawyers to draft or assist in drafting complaints or other documents submitted to the Court on behalf of

---

[6] An incorrect interpretation of a habeas statute "is hardly extraordinary," and thus not an appropriate basis for relief under Rule 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (citation omitted).

9

litigants designated as *pro se.*'" *Chaplin v. Du Pont Advance Fiber Sys.*, 303 F. Supp. 2d 766, 773 (E.D. Va. 2004) (quoting *Laremont-Lopez v. S.E. Tidewater Opportunity Project*, 968 F. Supp. 1075, 1077 (E.D. Va. 1997)).[7] "[T]he practice of ghost writing documents 'will not be tolerated in this Court.'" *Id.* (quoting *Laremont-Lopez*, 968 F. Supp. at 1080). The confusion and mishaps surrounding the submission of the § 2255 Motion flow from Mr. Brown's ghostwriting of the § 2255 Motion and attempting to have Ms. Salamanca sign the document at the eleventh hour. Ms. Salamanca fails to demonstrate entitlement to relief under Rule 60(b)(6).

## IV. Conclusion

Ms. Salamanca's Rule 60(b) Motion (ECF No. 160) will be denied. A certificate of appealability will be denied.[8]

Ms. Salamanca has failed to demonstrate that the April 29, 2013 Memorandum Opinion and Order should be vacated. Ms. Salamanca remains free to file a properly

---

[7] This view of ghost writing by attorneys is widely shared by other courts. *See, e.g., Duran v. Carris*, 238 F.3d 1268, 1272–73 (10th Cir. 2001) (observing that submitting a ghostwritten brief "constitutes a misrepresentation to [the] court by litigant and attorney") (citations omitted); *United States v. Eleven Vehicles*, 966 F. Supp. 361, 367 (E.D. Pa. 1997) (finding that ghost writing by attorney for *pro se* litigant implicates attorney's duty of candor to the court, interferes with the court's ability to supervise the litigation, and misrepresents the litigant's right to more liberal construction as a *pro se* litigant).

[8] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Salamanca fails to satisfy this standard.

executed 28 U.S.C. § 2255 motion with the Court.[9] Upon receipt of such a motion, the Court will address the issue of the statute of limitations if the Government raises that defense.

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan. 10, 2014
Richmond, Virginia

---

[9] In her Memorandum in Support of the Motion for Reconsideration, Ms. Salamanca requests that the Court "permit Ms. Salamanca to file the attached Petition." (Mem. Supp. Rule 60(b) Mot. 9.) There was no 28 U.S.C. § 2255 motion attached to that document or the Rule 60(b) Motion. (*See* ECF Nos. 160–61.)